741 P.2d 358

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Jack Franklin BRIGGS, Defendant-Appellant.**

Nos. 16715, 16716.

Court of Appeals of Idaho.

July 15, 1987.

Nicholas Chenoweth, Orofino, for defendant-appellant.

Jim Jones, Atty. Gen., David R. Minert, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Jack Briggs appeals from judgments and the sentences imposed following his guilty pleas to escape and first degree burglary. He received a five-year indeterminate sentence for the escape and a ten-year indeterminate sentence for the burglary. The court ordered the sentences to be served concurrently, but consecutively to a five-year term for robbery he was serving at the time of the escape. We are asked to decide whether the district court abused its sentencing discretion. We affirm both judgments.

▮ Our standards of sentence review are well-known. Absent an abuse of discretion, a sentence within the statutory maximum will not be disturbed. Five years is the maximum sentence for escape. I.C. § 18–112. The "term of imprisonment [for escape] shall commence at the time [the prisoner] would otherwise have been discharged." I.C. § 18–2505. The maximum sentence for first degree burglary is fifteen years. I.C. § 18–1403. Abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). The familiar test of reasonableness is explained in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App. 1982); its recitation here is unnecessary. For purposes of appellate review, the measure of confinement under an indeterminate sentence is deemed to be one-third of the term. *State v. Toohill, supra.* By that calculation, the measure of confinement here is three and one-third years. In analyzing the reasonableness of a sentence upon the facts of a case, we focus upon both the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App.1982).

Briggs escaped from the Idaho Correctional Institution at Orofino where he was serving a five-year sentence for robbery. The escape was committed with relative ease and without harm to persons or property. Briggs describes his escape as merely impulsive, rather than planned.

The burglary was committed shortly after the escape. Briggs and a companion forced entry into a home. They removed food, clothing and knives. The record is unclear on whether all items were returned or what the owner's loss may have been. Briggs characterizes the burglary as an act of survival, which caused no serious damage to property and no injury to persons.

We next examine Briggs' character. At the time of these offenses, Briggs was seventeen-years old. He was serving a sentence for robbery, which he had committed at the age of sixteen. Briggs' juvenile record shows a forgery in Oregon; an arrest for grand theft, auto; and two minor misdemeanor arrests. He has twice absconded from probation supervision. During the first absence, he committed the grand theft in North Dakota; during the second, he committed the robbery in Coeur d'Alene, Idaho. The grand theft charge was dismissed by North Dakota upon the condition that Briggs return to Oregon for commitment to a juvenile facility. Department of Correction evaluations revealed that Briggs has serious disciplinary problems in prison, having been cited for initiating unprovoked assaults on other prisoners. Until changed, Briggs' defiant, immature and irresponsible attitude will present a major obstacle to rehabilitation. On a positive note, Briggs asserts that he has stopped his drug and alcohol abuses. The presentence report indicates that Briggs possesses above average intelligence and abilities.

On appeal, Briggs asks us to consider several factors: his age and immaturity, the impulsiveness of the latest offenses, and the fact that no personal injury or serious property damage resulted. The record reflects that the sentencing judge considered the above factors; they are mitigative, but the escape and burglary were serious offenses, nevertheless. The record further shows the judge's concern that society be protected from Briggs' criminal activities. Moreover, consideration was given to the related objectives of deterrence, rehabilitation and retribution. Briggs contends that due to his age rehabilitation should be the primary goal. Although not disputing his observation, we agree with the sentencing judge; that Briggs' future positive potential will only be realized when he learns to control, and accept responsibility for, his criminal behavior. An optimistic outlook for Briggs' rehabilitation is darkened by his repeated failures in past periods of probation and by his rejection of the rehabilitation opportunities offered by the 120–day retained jurisdiction program.

Based on our examination of the record, we determine that the presumed three and one-third years of confinement are reasonable when viewed upon the facts of this case. Accordingly, we hold that the district court did not abuse its sentencing discretion. The judgments and sentences imposed are affirmed.

WALTERS, C.J., and BURNETT, J., concur.