748 P.2d 405

STATE of Idaho, Plaintiff–Respondent,

v.

Keith Colin EDWARDS,
Defendant–Appellant.

No. 16875.

Court of Appeals of Idaho.

Dec. 28, 1987.

William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Keith Edwards appeals from a judgment imposing prison sentences for three counts of delivery of a controlled substance. The judgment was entered upon Edwards' guilty pleas. He received three indeterminate five-year sentences, one for each count, to be served concurrently. On appeal, Edwards contends that the sentences were unduly harsh or excessive. We affirm the judgment imposing the sentences.

Our standards for sentence review are clear. Absent an abuse of discretion, a sentence within the statutory maximum will not be disturbed. *State v. Briggs*, 113 Idaho 71, 741 P.2d 358 (Ct.App.1987). The maximum punishment available for delivery of a controlled substance is life imprisonment plus a fine of $25,000. I.C. §§ 37–2732 and 37–2707. Abuse of discretion may be shown where the sentence is unreasonable in light of the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). We consider both the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). Our determination of reasonableness is based upon the criteria stated in *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

"[R]easonableness" implies that a term of confinement should be tailored to the purposes for which the sentence is imposed.... [A] term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case.

Unless there is a contrary indication in the record, the measure of confinement under an indeterminate sentence, for purpose of appellate review, is deemed to be one-third of the term. *State v. Toohill, supra.* There is no contrary indication here. Accordingly, the length of confinement in this case is deemed to be one and two-thirds years.

Edwards was charged with three counts of delivery of a controlled substance, methamphetamine. These offenses occurred on three separate occasions when Edwards sold methamphetamine to an informant of the Idaho Department of Law Enforcement. The transactions occurred over a three-week period and involved increased amounts in each subsequent transaction. During the transaction Edwards also supplied the informant with price quotations for even larger sales.

In examining Edwards' character we note that he had not been convicted of a felony prior to the commission of these offenses. At the time of these offenses, Edwards, who was thirty-four years old, was residing with a pregnant woman and supporting her son from a previous relationship. Edwards was reportedly doing piece work for a repair shop in Spokane on a payment per item basis. His monthly income from this work approximated $400. It was the conclusion of the presentence investigator that Edwards had been dealing in controlled substances for some time to supplement his income. The investigator also reported that Edwards' own use of controlled substances warranted counseling.

Edwards asks us to consider the fact that although separate sale transactions occurred they can, in fact, be viewed as a single event. He also asserts that, based upon his character and previous record, there is a good possibility he could benefit from enrollment in a work-release program with supervised probation. It is apparent from the record that the district judge considered these possibilities. The judge, however, was concerned with the seriousness of the offense, as well as the number of illegal transactions. The pattern of Edwards' illegal activity convinced the judge an undue risk existed that during a probation period Edwards would commit another crime. The judge concluded that imprisonment would provide protection to the public from Edwards' acts, as well as an appropriate deterrent to Edwards and other potential offenders.

From the examination of the record, we determine that the presumed confinement for one and two-third years is reasonable when viewed upon the facts of this case. We hold that the district court did not abuse its sentencing discretion. The judgment is affirmed.

WALTERS, C.J., and BURNETT, J., concur.