650 P.2d 707

STATE of Idaho, Plaintiff-Respondent,

v.

Phillip TOOHILL, Defendant-Appellant.

No. 13900.

Court of Appeals of Idaho.

Sept. 8, 1982.

Charles H. Creason, Jr., Creason & Creason, Rupert, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Timothy M. Walton, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

This is an appeal from a sentence imposed for second degree burglary. We are asked to review (1) the adequacy of the presentence report, (2) the district court's refusal to retain jurisdiction for 120 days, and (3) the reasonableness of a five-year, indeterminate term. Issues of this type frequently arise in criminal cases assigned to the Court of Appeals. In this opinion, we state our general views on standards of appellate review of such issues; and we affirm the particular sentence imposed in this case.

I

■ Appellant contends that the pre-sentence report was deficient because it did not fully analyze his psychological condition, and because it did not set forth a positive plan of rehabilitation. However, appellant did not object to the adequacy of the report at the sentencing hearing. Consequently, the threshold question is whether the adequacy of a pre-sentence report can be challenged for the first time in the appellate court.

As a general rule, issues must be raised in a trial court in order to be considered on appeal. *E.g., State v. Holt,* 102 Idaho 44, 625 P.2d 398 (1981); *State v. Sharp,* 101 Idaho 498, 616 P.2d 1034 (1980). A limited exception to this rule applies to criminal cases where "fundamental error" is shown. *State v. Garcia,* 100 Idaho 108, 594 P.2d 146 (1979). "Fundamental error" denotes a denial of due process. Ordinarily, it refers to error which results in failure to afford the accused a fair trial. *See, e.g., State v. LePage,* 102 Idaho 387, 630 P.2d 674 (1981); *State v. Baker,* 103 Idaho 43, 644 P.2d 365 (Ct.App.1982).

We have not been cited, nor has our research disclosed, any case where the Idaho Supreme Court has extended the "fundamental error" doctrine beyond the adjudication of guilt, to the sentencing process. Rather, the Supreme Court—without discussing "fundamental error"—has declined to review assertions that pre-sentence reports were inadequate, where no objections had been made at the trial court level. *E.g., State v. Thacker,* 98 Idaho 369, 564 P.2d 1278 (1977); *State v. Wallace,* 98 Idaho 318, 563 P.2d 42 (1977).

We recognize that pre-sentence reports have a significant bearing upon sentencing decisions and upon appellate review of sentencing discretion. Our Supreme Court has established, by rule, the minimum requirements for pre-sentence reports. *See* I.C.R. 32(b) and its predecessor, I.C.R. 37, which applies to this case. The rule is there to be followed. Manifest disregard of the rule could not be countenanced on appeal without diminishing the reputation of the judicial process. Therefore, we believe that a case characterized by such disregard of the rule may be reviewed, despite lack of objection below, in order to protect the integrity of the courts. However, we will not review a contention, made for the first time on appeal, that compliance with the rule was simply inadequate—e.g., that the report should have developed a particular point further, or that certain information was

incomplete or inaccurate. Those are matters to be raised at the sentencing hearing.

Appellant's objections in this case go to the completeness of the report. However, our review indicates that the report substantially addressed the points required under Rule 32(b). The rule was not disregarded. We decline to review the objections further.

## II

■ Appellant argues that the district court erred by refusing to retain jurisdiction for 120 days, as authorized by I.C. § 19–2601(4). Our Supreme Court has said that a period of retained jurisdiction:

> gives the defendant a chance to demonstrate his rehabilitation potential and gives trained correction officers a lengthy period in which to evaluate this potential.... A good report indicating rehabilitative potential may very well result in a suspended sentence and probation.

*State v. Wolfe,* 99 Idaho 382, 385, 582 P.2d 728, 731 (1978). The trial court's alternatives, upon receiving a favorable report, are not necessarily limited to suspending a sentence and granting probation. However, retaining jurisdiction has come to be regarded as a means of extending the time to evaluate a defendant's suitability for probation. In any event, probation is the ultimate objective sought by defendants who ask a court to retain jurisdiction.

The choice of probation, among the available sentencing alternatives, is committed to the sound discretion of the trial court. The exercise of this discretion is guided by I.C. § 19–2521, which prescribes criteria for weighing probation against a sentence of confinement. Our Supreme Court has applied a general standard of "clear abuse of discretion" to appellate review of sentencing decisions, including those where probation is at issue. *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973). We have added some structure to this general standard by holding that denial of probation will not be deemed a "clear abuse of discretion" if the decision is consistent with the criteria articulated in I.C. § 19–2521. *State v. Baker, supra.*

Our Supreme Court also has applied the "clear abuse of discretion" standard to review of decisions on whether to retain jurisdiction. *See State v. Bartholomew,* 102 Idaho 106, 625 P.2d 1109 (1981); *State v. Shanacroplous,* 100 Idaho 789, 605 P.2d 967 (1980); *cf. State v. Wolfe, supra* (concerning a decision to relinquish retained jurisdiction). In cases where retention of jurisdiction has been requested for further evaluation, we believe the "clear abuse" standard should be structured to relate to the ultimate question of probation and to the criteria provided in I.C. § 19–2521. We hold that refusal to retain jurisdiction, for further evaluation of a defendant, will not be deemed a "clear abuse of discretion" if the trial court already has sufficient information to determine that a suspended sentence and probation would be inappropriate under I.C. § 19–2521.

■ Section 19–2521 provides, in part, that a sentence of confinement, rather than probation, may be imposed if:

> There is undue risk that during the period of a suspended sentence or probation the defendant will commit another crime; or
>
> The defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution....

In the present case, the trial judge was informed that appellant had committed the crime in question while on probation from a court in Oregon. Moreover, appellant had committed two misdemeanors while the instant case was pending. The trial judge specifically declined to retain jurisdiction for further evaluation, noting that "probation so far, and with this individual, has been rather futile. It hasn't really served much of any purpose." We hold that the district court had sufficient information to deny probation in conformity with I.C. § 19–2521. The court's refusal to retain jurisdiction, for further evaluation, will not be disturbed on appeal.

### III

■ Finally, appellant maintains that his five-year, indeterminate sentence is excessive. Review of the length of a sentence is governed by the same "clear abuse" standard discussed above. Our Supreme Court has held that if a sentence is within the statutory maximum, it will not be disturbed on appeal unless the appellant affirmatively shows a "clear abuse of discretion." *E.g., State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979).

Idaho Code § 18–1403 provides that the maximum term of confinement for second degree burglary is five years. The sentence in this case—if fully served without parole—could equal, but would not exceed, the statutory maximum. Consequently, we are relegated to the task of deciding whether a "clear abuse" has been affirmatively shown. This, in turn, requires us to state our understanding of what the "clear abuse" standard means, when applied to length of a sentence.

Unlike the choice between probation and confinement, the determination of sentence length is not guided by any statutory criteria, except the maximum term (and the enhancement provisions of I.C. § 19–2520, where applicable). Nor have such criteria yet been developed in the case law of our state. However, as a point of beginning, the Idaho Supreme Court has held that "reasonableness" is a fundamental requirement. A sentence may represent a "clear abuse of discretion" if it is shown to be unreasonable upon the facts of the case. *E.g., State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982); *State v. Dillon,* 100 Idaho 723, 604 P.2d 737 (1979). This formulation recasts the "clear abuse" standard in positive terms, and enables us to focus upon the ingredients of "reasonableness."

■ In our view, "reasonableness" implies that a term of confinement should be tailored to the purposes for which the sentence is imposed. The American Bar Association has advanced the following general principle:

The sentence imposed in each case should call for the minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. [Standards Relating to Sentencing Alternatives and Procedures § 2.2 (Approved Draft 1968).]

Such a statement of principle could not be adopted in Idaho without modification. In contrast to the three sentencing objectives recited by the ABA, our Supreme Court has articulated four objectives of criminal punishment: (1) protection of society, (2) deterrence of the individual and the public generally, (3) possibility of rehabilitation, and (4) punishment or retribution for wrongdoing. *State v. Wolfe,* 99 Idaho at 384, 582 P.2d at 730 (1978); *State v. Moore,* 78 Idaho 359, 363, 304 P.2d 1101, 1103 (1956). Moreover, it is clear, as a matter of policy in Idaho, that the primary consideration is "the good order and protection of society." All other factors must be subservient to that end. *State v. Moore,* 78 Idaho at 363, 304 P.2d at 1103.

■ We believe the ABA principle—that a term of confinement should not exceed the minimum necessary to accomplish sentencing objectives—can be integrated with Idaho sentencing policy. The resultant formulation adds meaning to the concept of "reasonableness." We hold that a term of confinement is reasonable to the extent it appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case. A sentence of confinement longer than necessary for these purposes is unreasonable.

■ Such determinations cannot be made with precision. In deference to the discretionary authority vested in Idaho's trial courts, we will not substitute our view for that of a sentencing judge where reasonable minds might differ. An appellant must show that, under any reasonable view of the facts, his sentence was excessive in light of the foregoing criteria.

Before these criteria can be applied to the instant case, we are confronted with the question of how to measure the term of confinement imposed by an indeterminate sentence. The practical implications of such a sentence should be considered. *Compare, e.g., State v. Nice*, 103 Idaho at 91, 645 P.2d at 325. The period of actual confinement under an indeterminate sentence, as opposed to a fixed sentence, is decided by the Commission for Pardons and Parole. For serious felonies enumerated in I.C. § 20–223, parole eligibility commences when one-third of the sentence, or five years (ten years in the case of a life sentence), whichever is less, has been served. For other felonies, such as the second degree burglary in question here, an inmate may be eligible for parole at any time, subject to regulations of the Commission. In such cases, a parole hearing may be deferred until one-third of the sentence has been served, if the sentence is consecutive with another sentence, if the sentence is concurrent with a sentence governed by I.C. § 20–223, or if there exist exceptional circumstances such as escape or commission of a felony during confinement. *See* Idaho Commission for Pardons and Parole, "Policies and Procedures" (Rev. April 1, 1982). By implication it appears that, in the absence of exceptional circumstances, an inmate serving a single, indeterminate sentence for a crime not enumerated in I.C. § 20–223, will be considered for parole at some time within the first one-third of the sentence. Of course, whether the inmate is paroled or remains confined will depend, in part, upon factors presented to the Commission which are outside the record on appeal from the sentence.

Accordingly, for the purpose of appellate review of an indeterminate sentence, we will deem one-third of the sentence to be an appropriate measure of the term of confinement, unless the record indicates the contrary. In the present case, there is no contrary indication. Appellant would have been eligible for parole consideration within one-third, or twenty months, of his five-year sentence. The question before us is whether, under any reasonable view of the facts, a term of twenty months would exceed the period of confinement which appears necessary to protect society, and to accomplish deterrence, rehabilitation or retribution.

As noted previously, the crime in question was committed while appellant was subject to probation ordered by an Oregon court; and appellant committed two misdemeanors while the instant case was pending. The record also reveals that appellant, who was twenty years old at the time of sentencing, had a history of violations as a juvenile. The district judge further observed that the crime in question occurred at night and could have been prosecuted as a first degree burglary, carrying greater possible penalties. *See* I.C. §§ 18–1402, 1403. We conclude that these facts reasonably may be viewed as indicating a need to confine the appellant for a minimum period of twenty months, in order to protect society from his demonstrated pattern of criminal conduct. This period of confinement also may be reasonably viewed as necessary for appellant's rehabilitation through institutional programs administered by the Board of Correction. The sentence is not excessive under the criteria we have established.

The sentence imposed by the district court is affirmed.

WALTERS, C. J., and SWANSTROM, J., concur.