673 P.2d 1092

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Alton RAMSEY, III, Defendant-Appellant.**

**No. 14953.**

Court of Appeals of Idaho.

Dec. 27, 1983.

Barry E. Watson, Wallace, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Steven W. Berenter, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

James Ramsey appeals from an indeterminate sentence of ten years in custody of the Board of Correction, for first degree burglary. The sole issue on appeal is whether the sentence represents an abuse of discretion. We hold that it does not.

Ramsey pled guilty to the burglary and to a related battery.[1] The charges

---

1. Ramsey was initially charged with first degree burglary and robbery. Both are felonies and the maximum sentence for robbery is life imprisonment. I.C. § 18–6503. In exchange for his guilty plea to burglary, the state reduced the robbery count to battery, to which Ramsey also pled guilty. He received a concurrent six-month sentence to the county jail on the battery conviction, which he does not appeal. Ramsey also received credit against the burglary sentence for time spent in presentence detention.

stemmed from an evening when Ramsey and one or two companions broke into a married couple's home to steal money for alcohol and drugs. Ramsey struck the female victim in the mouth and one of the companions removed money from a billfold in the house. When the offense occurred, Ramsey was on probation for another first-degree burglary conviction. His prior record also included numerous misdemeanors. Ramsey admitted a long history of drug abuse.

Under I.C. § 18–1403, a sentence up to fifteen years could have been imposed. The prosecutor recommended a fixed sentence for that term. The judge noted Ramsey's prior record and the physical contact with one of the victims in the instant case. He also considered, in mitigation, Ramsey's youthful age of twenty years. However, he concluded that his primary responsibility was to protect society and that the ten-year indeterminate sentence would be appropriate. The judge noted that Ramsey could be eligible for parole consideration while serving the indeterminate sentence.

After reviewing the record and considering the sentence review criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion. Accordingly, Ramsey's sentence is affirmed.