434

680 P.2d 255

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Walter David DECKER,
Defendant-Appellant.**

**No. 15078.**

Court of Appeals of Idaho.

April 11, 1984.

Douglas R. Whipple, Burley, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., P. Mark Thompson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

On December 9, 1982, Walter David Decker was observed removing items from several cars parked in downtown Burley. He was apprehended and charged with two counts of second degree burglary. I.C. § 18–1401, –1402. Pursuant to a plea bargain agreement, Decker pled guilty to one count of burglary, while the state dismissed the other charge. The district court then sentenced him to the custody of the Board of Corrections for an indeterminate term not to exceed four years. The sole issue on appeal is whether this sentence was unduly harsh. We hold it was not, and affirm.

The sentence imposed was within the statutory maximum of five years. I.C. § 18–1403. Therefore, Decker must show that the district court clearly abused its discretion in imposing this sentence. A court abuses its discretion when the duration of a defendant's actual term of confinement is unreasonable. Absent a contrary statute or indication in the record, we presume that Decker's actual term of confinement will be one-third of his four-year sentence. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). However, for reasons explained below, even were he required to serve the entire sentence, our conclusion would be the same.

The court concluded that a four-year indeterminate sentence was necessary for the protection of society and, at the same time, would afford Decker an opportunity for rehabilitation. We agree with the district court's balance of these factors.

The presentence report discloses a need to protect society from Decker's criminal propensities. Aside from numerous traffic offenses, Decker has been convicted of petit larceny, grand larceny and robbery. The robbery was committed in 1974 with a loaded shotgun, a crime for which he was sentenced to ten years' imprisonment. That sentence was later suspended and the court

placed Decker on probation for five years. Less than two months later he was charged with and pled guilty to larceny and a misdemeanor drug violation. His probation was revoked and he was imprisoned. Later he escaped. When he was recaptured, he was given an additional two-year sentence. He was released in June 1982, only six months prior to the commission of the burglary in the present case. Under these circumstances, an indeterminate sentence of confinement not to exceed four years is not unreasonable. The district court did not abuse its discretion. The sentence is affirmed.