691 P.2d 1300

**STATE of Idaho, Plaintiff-Respondent,**

v.

**James Garfield MATHIS, Defendant-Appellant.**

No. 15399.

Court of Appeals of Idaho.

Dec. 7, 1984.

686

John P. Luster, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

James Garfield Mathis appeals from two felony convictions of first degree burglary, I.C. § 18–1401, 1402, and alleges that the trial court abused its discretion in sentencing him to consecutive prison terms. Following the entry of guilty pleas, Mathis was sentenced to an indeterminate five-year prison term on the first burglary count and an indeterminate three-year prison term on the second count. Mathis' sole contention on appeal is that the trial court abused its discretion by ordering the sentences to run consecutively rather than concurrently. We affirm.

A sentencing judge may order consecutive sentences when a criminal defendant is convicted of multiple crimes. I.C. § 18–308. Imposition of consecutive sentences is discretionary with the sentencing judge and exercise of that discretion will not be disturbed on appeal unless it has been abused. *State v. Lloyd,* 104 Idaho 397, 659 P.2d 151 (Ct.App.1983). The standards established in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), control our review of the trial court's use of sentencing discretion when consecutive sentences are imposed. *State v. Lloyd, supra.* Under the standards announced in *Toohill,* a sentence within the statutory maximum will not be deemed excessive unless the appellant shows that under any reasonable view of the facts the term of confinement is longer than appears necessary, at the time of sentencing, to accomplish the primary objective of protecting society and to achieve any or all of the

related goals of deterrence, rehabilitation or retribution.

■ Mathis could have been sentenced to a fifteen-year prison term on each of the burglary convictions. I.C. § 18–1403. At the sentencing hearing, the district court reviewed Mathis' criminal activity and noted that a fixed sentence on one of the convictions might be appropriate, but gave Mathis the benefit of the doubt. The record shows that Mathis was convicted of two burglaries in Oregon and was involved in five others in that state during the eighteen months preceding his convictions in Idaho. At the time of his arrest in Idaho, Mathis was in violation of the terms of probation he was serving for the state of Oregon. Although Mathis served a basically meritorous tour of duty with the U.S. Navy, he had been involved in ten burglaries within a relatively short period of time prior to his Idaho convictions. On this record, we cannot say the trial court abused its discretion by making the sentences consecutive. The sentences are, therefore, affirmed.