718 P.2d 602

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Wesley BISHOP, Defendant-Appellant.**

No. 16255.

Court of Appeals of Idaho.

May 6, 1986.

---

R. Ted Israel, Pocatello, for defendant-appellant.

Jim Jones, Atty. Gen. by Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

■ We are asked to decide whether a district judge abused his discretion by sentencing Wesley Bishop to a fixed term of five years for first degree burglary. Our standard of appellate review is set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), and need not be reiterated here. When a fixed sentence is imposed, we deem the period of confinement to be the facial length of the sentence, less any "good time" available as a matter of right under the applicable statute. *State v. Miller,* 105 Idaho 838, 673 P.2d 438 (Ct.App.1983). In this case, a "good time" reduction of approximately sixteen months would be available on the five-year sentence. *See* I.C. § 20–101A(4). Accordingly, the question before us is whether confinement of approximately forty-four months would be reasonable, considering the nature of the offense and the character of the offender.

■ First degree burglary is punishable by imprisonment for a period up to fifteen years. I.C. § 18–1403. The burglary in this case was committed when Bishop entered a Pocatello residence at night, as the occupants were sleeping, and attempted to steal a television set. Bishop pled guilty to the burglary charge, explaining that he committed the offense while intoxicated. A presentence report showed that Bishop, then twenty-one years old, had compiled a substantial history of unlawful conduct. As a juvenile, he had been adjudicated under the Youth Rehabilitation Act for burglary, and he spent approximately one year at the Youth Services Center in St. Antho-ny. As an adult, he was convicted of two first degree burglaries and one second degree burglary, all prior to the instant offense. For one of the previous burglaries, he had received a three-year prison sentence, subject to retained jurisdiction of 120 days. He was released at the end of the retained jurisdiction period, and he was on probation when the present offense occurred.

The district judge acknowledged that Bishop appeared to suffer an alcohol problem but he also noted that Bishop had become "a chronic burglar." The judge observed that Bishop had "chosen not to take advantage" of earlier opportunities to change his behavior in order to comply with the requirements of the law. The judge concluded that a substantial prison sentence was warranted. We agree.

From the record before us, it appears that society needs a respite from Bishop's unbroken pattern of criminal conduct. Confinement for a period of approximately forty-four months is appropriate for this purpose. It also may afford Bishop an opportunity to overcome his alcohol problem and to obtain the occupational and educational skills necessary to avoid further trouble when he reenters society. We conclude that the sentence is reasonable. It does not represent an abuse of the district court's discretion.

Accordingly, the judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.