725 P.2d 201

**STATE of Idaho, Plaintiff-Respondent,**

v.

**William B. DARNELL, aka Raymond Reese, Defendant-Appellant.**

**No. 16336.**

Court of Appeals of Idaho.

Sept. 5, 1986.

John P. Luster and William V. Brown, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen. and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. William B. Darnell, also known as Raymond Reese, stands convicted on his plea of guilty to a charge of grand theft. He received a ten-year indeterminate sentence. On appeal he argues that the sentence is excessive, representing an abuse of the district judge's discretion. We find no such abuse.

Darnell committed the offense by stealing a 1982 pickup truck valued substantially in excess of $150.00. The maximum statutory penalty for such offense is imprisonment for fourteen years. Where, as here, the sentence imposed is within statutory limits, it will not be disturbed unless a clear abuse of discretion is shown. Our criteria for determining the length of confinement under an indeterminate sentence, and for evaluating the reasonableness of such confinement in a particular case, are fully set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). They need not be reiterated here.

Darnell stole the pickup truck after its owner had given him a ride. When the theft occurred, Darnell was under the influence of alcohol and marijuana. A presentence investigation disclosed that Darnell, then 41 years of age, was a chronic alcoholic and substance abuser. Inpatient therapy at two treatment centers failed to alleviate the problem. Darnell had been convicted in other jurisdictions of numerous felony offenses, including burglary, forgery and embezzlement. He had spent approximately eleven years in various state penitentiaries or federal prisons.

The district judge summarized his impression as follows:

This 41 year old Defendant does have a severe alcohol and drug problem and addiction. As a result thereof he has spent a lifetime drifting from place to place drinking and stealing. I see nothing in the prospects that that is going to change. So I think the emphasis on sentencing in this case must be placed upon the consideration of the safety of the public.

The judge's impression is well supported by the record. A substantial prison sentence, intended to protect society from a persistent pattern of criminal behavior, is consistent with the standards enunciated in *State v. Toohill, supra.* In this case, by making the sentence indeterminate, the judge left open a possibility of release on parole if Darnell shows meaningful progress in a rehabilitative program.

We conclude that the ten-year indeterminate sentence does not represent an abuse of the district judge's discretion. The judgment of conviction, including the sentence imposed, is affirmed.