767 P.2d 275

STATE of Idaho, Plaintiff–Respondent,

v.

Raymond X. SCOTT,
Defendant–Appellant.

No. 17561.

Court of Appeals of Idaho.

Jan. 3, 1989.

Jeff M. Brudie, Knowlton, Miles & Merica, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SWANSTROM, Judge.

Raymond Scott appeals from a judgment imposing a three-year sentence for the felony of driving while his driving privileges were suspended. I.C. § 18–8001(4). The sentence requires Scott to serve the first year in confinement. He will be eligible for parole or discharge only during the remaining two-year indeterminate part of the sentence. I.C. § 19–2513 (Unified Sentencing Act). The sole issue presented on appeal is whether the district court abused its sentencing discretion. We hold the sentence was not excessive and we affirm the judgment of conviction.

When Scott pled guilty to the present crime, he had already been convicted three times for the same offense over a period of less than five years. Driving without privileges is ordinarily a misdemeanor; however, under I.C. § 18–8001(4) any person found guilty of more than two such violations within five years is guilty of a felony. On Scott's third conviction for this offense he was sentenced to a three-year term of incarceration. This sentence was commuted to a one-year term in the Nez Perce County jail. Subsequently, he committed his fourth violation, resulting in the present judgment.

Scott's presentence investigation report shows convictions for at least thirty-six misdemeanors, mostly traffic offenses, including leaving the scene of an accident and four convictions for driving under the influence. Scott also had served time in the Idaho State Penitentiary for forgery and had received a suspended sentence in a federal court for an assault with intent to commit murder.

In sum, the record shows that Scott has an alarming predilection to repeat offenses for which he has often been sentenced. The latest crime is but one example. The resultant sentence is hardly an improper or unforeseeable consequence of his irresponsible conduct.

Having reviewed the full record and having considered the sentencing criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion by imposing the sentence. We affirm the judgment.

WALTERS, C.J., and BURNETT, J., concur.