769 P.2d 1140

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dennis SUMMERS,
Defendant–Appellant.**

No. 17592.

Court of Appeals of Idaho.

March 1, 1989.

Steven A. Botimer (Swenson, Botimer and Scoggin), Gooding, for defendant-appellant.

Jim Jones, Atty. Gen. by David R. Minert, Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Dennis Summers stands convicted of violating I.C. § 25–221A by failing to notify the Bureau of Animal Health of a diversion of livestock from the destination consigned in a health certificate, and of violating I.C. § 25–1415 (presently codified as I.C. § 25–1181) by failing to obtain a brand inspection before transferring ownership. These violations were set forth in ten counts of a misdemeanor complaint. The magistrate pronounced consecutive sixty-day jail terms on the ten counts; however, he suspended all but one sixty-day period and placed Summers on a two-year term of probation. The magistrate also pronounced a $200 fine, but suspended $100 of that amount, on each count. On appeal, the district court affirmed.

Summers could have received a jail sentence of six months, and a fine of $300, on each count. Because the sentence imposed was within the limits prescribed by statute, we must uphold it unless the record indicates that the trial court abused its discretion. We find no such abuse here. Summers previously had been convicted of a brand inspection violation. He falsely denied any prior conviction during the sentencing hearing in the present case. Having reviewed the record, including Summers' previous conviction and his false testimony, and having considered the sentencing criteria set forth in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the magistrate did not abuse his sentencing discretion.

The district court decision, upholding the judgment of conviction, is affirmed.