828 P.2d 332

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Cameron Matthew CHRISTENSEN, Defendant–Appellant.**

**No. 19396.**

Court of Appeals of Idaho.

March 4, 1992.

Monte R. Whittier, Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Cameron Matthew Christensen was charged with two counts of first degree burglary, grand theft, and petit theft. I.C. §§ 18–1401, –1402, –1404, –2403(1), –2407(1)(b)1, –2407(2). Pursuant to a plea agreement, Christensen pled guilty to one count of first degree burglary and to grand theft in exchange for the dismissal of the other burglary and petit theft charges. Christensen received two concurrent unified sentences of eight years, each with a fixed term of two years. Christensen appeals contending that the sentencing judge abused his discretion. We affirm.

The statutory maximum for a first degree burglary sentence is fifteen years. I.C. § 18–1403. The maximum punishment for grand theft is imprisonment for fourteen years. I.C. § 18–2408(2). To obtain relief on appeal, Christensen must prove that his sentence is unreasonable, and that the sentencing judge clearly abused his discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991).

In determining the reasonableness of a sentence imposed under the Unified Sentencing Act, we consider the fixed portion of the sentence as the term of confinement for purposes of our appellate review. *State v. Broadhead, supra.* Because we

will not substitute our view for that of a sentencing judge where reasonable minds may differ, Christensen must show that, under any reasonable view of the facts, his sentence was excessive in light of the primary sentencing goal of the protection of society, and the related goals of deterrence, rehabilitation, and retribution. *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982).

■ The record reflects that Christensen had recently turned eighteen years old at the time of the burglary, and that he and his accomplice, Terry Auger, had burglarized the home involved, at night, on more than one occasion. Christensen and Auger took many miscellaneous items from the home and pawned some of them and "trashed" others. The presentence report indicates that Christensen had committed various offenses as a juvenile which were equivalent to first degree burglary, grand theft, probation violation and other crimes. Christensen also admitted to having an alcohol problem. The judge was apprised of Christensen's activities in the Franklin County jail while awaiting sentencing, including an escape attempt assisted by a friend on the outside and substance abuse.

The presentence investigator and defense counsel recommended that the court sentence Christensen to a term of confinement with retained jurisdiction. The district court expressed the opinion that Christensen had shown he could not successfully complete probation, although the judge gave "a great deal of thought to the possibility of a retained jurisdiction." Based upon Christensen's character and the nature of the two crimes, we hold that the district judge did not abuse his discretion by imposing two concurrent sentences, consisting of two years fixed and six years indeterminate, without retaining jurisdiction. The judgment of conviction and sentences are affirmed.

WALTERS, C.J., and SILAK, J., concur.