835 P.2d 687

STATE of Idaho, Plaintiff–Respondent,

v.

Lon Ora LAYMON, Defendant–Appellant.

No. 19811.

Court of Appeals of Idaho.

Aug. 4, 1992.

Severt Swenson Jr., Swenson & Scoggin, Gooding, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Lon Laymon appeals from a unified five-year sentence, with a minimum fixed term of three years, imposed upon a conviction for burglary. I.C. §§ 18–1401, –1402. question of whether the district court abused its sentencing discretion is the only issue presented in this appeal.

On or about August 27, 1991, Laymon unlawfully entered the Governor's Mansion Bed and Breakfast in Shoshone, Idaho, and took food valued over $150 from a freezer in the home. Through plea negotiations, a second count of grand theft was dismissed in exchange for Laymon's guilty plea to first degree burglary.

The presentence report shows that Laymon's record consists of a prior burglary conviction, and a number of misdemeanor convictions. Laymon's previous attempts at probation were unsuccessful and apparently did nothing to rehabilitate Laymon or deter him from criminal conduct. In his comments at sentencing, the judge reviewed all of the factors to be weighed in considering whether to impose a period of incarceration or probation. The judge found that Laymon was not a candidate for probation.

Laymon's explanation for his bad judgment in committing the crime was that he was desperate to feed his family. The court rejected this argument in view of the fact that Laymon and his companion, who were intoxicated when they committed the crime, apparently had money to buy liquor, which they chose over food. Furthermore, the district judge noted that the children in Laymon's home had been taken out of the home by the authorities, revealing that Laymon was not being honest with the court.

Having reviewed the record and considered the sentence review criteria announced in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its discretion in imposing a five-year sentence with a three-year determinate period of confinement. From the facts and circumstances of the case, Laymon has not shown that the sentence imposed was excessive under any reasonable view of the facts. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991), *overruled on other grounds* by *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992).

The judgment of conviction and sentence are affirmed.

WALTERS, C.J., and SILAK, J., concur.