845 P.2d 1220

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Stanley Robin KELLER, Defendant– Appellant.**

**No. 20041.**

Court of Appeals of Idaho.

Feb. 1, 1993.

Monte R. Whittier of Whittier, McDougall, Souza, Murray & Clark, Chartered, Pocatello, for defendant-appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Stanley Keller appeals from two, concurrent unified sentences of fifteen years, with a minimum period of incarceration of five years, which he received after pleading guilty to two counts of sexual abuse of a child under sixteen. I.C. § 18–1506(1)(a). The sole issue is whether the district court abused its sentencing discretion.

The charges against Keller stemmed from his activities on February 17, 1992, when he went first to the home of a fifteen-year old female and fondled her, put his hand down the back of her pants and touched her through her underwear. After being rebuffed, he left and went to the home of the second victim, a sixteen-year old female, where he also put his hand down her pants to touch her vagina, fondled her breasts and tried to push her on the bed and get her to agree to have sexual intercourse with him. At the time he committed these offenses, Keller was on probation on a grand theft conviction, having served a term of incarceration during a period of retained jurisdiction.

The district judge indicated at sentencing that he had read the presentence report which detailed several prior deviant sexual relations that Keller had engaged in with young children and a recent history of institutionalization where Keller's social problems including alcohol and substance abuse were being addressed. In imposing sentence, the court acknowledged that Keller had exhibited a long standing need for some form of sex offender therapy and that such therapy would be essential to his rehabilitation. Nevertheless, the record of Keller's prior conduct justifies the court's decision, which essentially gives public protection a priority over Keller's need for more individualized treatment than that which is available in current prison programs. The concurrent sentences of five

to fifteen years did not greatly exceed Keller's own request for a short fixed term, to be followed by a long, indeterminate term so that he might successfully complete sex offender therapy and educational programs conducive to his rehabilitation. Neither the record nor Keller's argument in this appeal offers any substantiation for his claim of abuse of sentencing discretion on the part of the district court.

We are satisfied that the district court considered the sentencing goals enumerated in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We find no abuse of discretion and, accordingly, affirm the sentences.

WALTERS, C.J., and SILAK, J., concur.