**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37208**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 641 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 10, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WILLIAM FISHEL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order relinquishing jurisdiction and requiring execution of unified four-year sentence with two-year determinate term for possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge, GRATTON, Judge
and MELANSON, Judge

---

PER CURIAM

William Fishel was convicted of possession of methamphetamine, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of four years with two years determinate and retained jurisdiction. At the conclusion of the retained jurisdiction program, the court relinquished jurisdiction and ordered execution of Fishel's sentence. Fishel appeals, contending that the court abused its discretion in failing to sua sponte reduce his sentence upon relinquishing jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Fishel's original sentence, without modification. Therefore, the order relinquishing jurisdiction and directing execution of Fishel's previously suspended sentence is affirmed.