IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 37565

| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 322 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 18, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ANGEL REYES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, District Judge.

Judgment of conviction and unified sentence of thirty years, with a minimum period of confinement of seven years, for aggravated battery on a correctional officer, affirmed.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Angel Reyes pled guilty to aggravated battery on a correctional officer. Idaho Code §§ 18-903(a), 18-915(1)(b). The district court sentenced Reyes to a unified term of thirty years, with a minimum period of confinement of seven years to run consecutively to the sentence for which Reyes was incarcerated. Reyes appeals asserting that the district court abused its discretion by ordering that the sentence run consecutively under the erroneous belief that it was required to do so and, alternatively, by imposing an excessive sentence.

Although the prosecutor and defense counsel agreed on the record that a consecutive sentence was required, there is no indication in the record that the district court misperceived the

1

law or adopted the parties' position. In fact, the district court made reference to the State's recommendation and commented on the length of time Reyes would be in prison "if it runs consecutive." The record does not establish that the district court failed to recognize that its sentencing decision was discretionary.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion by the sentence imposed.

Therefore, Reyes's judgment of conviction and sentence are affirmed.