IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 35869/35870

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 328 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 21, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MATTHEW JAMES PRAGNELL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Appeal from order revoking probation and requiring execution of unified five-year sentence with two-year determinate term for possession of methamphetamine, dismissed; judgment of conviction and concurrent unified seven-year sentence with two-year determinate term for possession of methamphetamine, affirmed.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge, LANSING, Judge
and MELANSON, Judge

_____

PER CURIAM

We here address two consolidated appeals by Matthew James Pragnell. In 2005, Pragnell pleaded guilty to possession of methamphetamine in Docket No. 35869. In May of that year, the district court withheld judgment and placed Pragnell on supervised probation. In August 2005, he was found to have violated conditions of his probation by possessing and using methamphetamine, but the court reinstated his probation with the condition that he complete a treatment program. Within a few months he was found to have again violated conditions of probation by being arrested for possession of methamphetamine and drug paraphernalia.

1

Pragnell admitted these allegations, and the district court entered judgment and imposed a sentence of five years with two years determinate but retained jurisdiction. Following this period of retained jurisdiction, the district court entered an order retaining jurisdiction a second time. After Pragnell's second period of retained jurisdiction, the court entered an order suspending Pragnell's sentence and again placing him on probation.

In June of 2008, Pragnell was again arrested for possession of methamphetamine and drug paraphernalia. In a separate case he was charged with possession of methamphetamine, Docket No. 35870. In that case, he pleaded guilty and received a unified seven-year sentence with two years determinate, to run concurrently with his sentence in Docket No. 35869. Pragnell also admitted to the same illegality as a violation of his probation terms in Docket No. 35869, whereupon the district court revoked Pragnell's probation and ordered execution of his sentence. Pragnell filed a notice of appeal from the order revoking probation in Docket No. 35869 and from the judgment of conviction in Docket No. 35870. He argues that the district court abused its discretion when it revoked his probation in Docket No. 35869 and imposed an excessive sentence in Docket No. 35870.

We consider first the State's argument that Pragnell can obtain no relief in Docket No. 35869 because the district court had no jurisdiction to retain jurisdiction a second time in that case and hence no jurisdiction to place him on probation at the end of the second retained jurisdiction period. The State is correct.

The only authority for a trial court to place a defendant on a second period of retained jurisdiction within the same case is that provided in Idaho Code § 19-2601(4) which states, in part, "The court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction after a defendant has been placed on probation in a case." The Idaho Supreme Court recently held that this statutory provision does not empower a court to place a defendant on successive periods of retained jurisdiction without an intervening period of probation. *State v. Urrabazo*, ___ Idaho ___, ___ P.3d ___ (Dec. 23, 2010). The Court there said:

> The plain language of section 19-2601(4) unconditionally requires an intervening period of probation prior to ordering an additional period of retained jurisdiction. The provision only permits a court to sentence a defendant to a second rider "*after a defendant has been placed on probation in a case.*" In other words, a court may retain jurisdiction for a second time only after sentencing the defendant to a period of probation.

The Supreme Court further held that this limitation on the trial court's power in section 19-2601(4) is jurisdictional, and therefore the district court's orders granting the second rider and relinquishing jurisdiction thereafter were void for want of subject matter jurisdiction. Consequently, the Supreme Court found Urrabazo's appeal to be untimely. The Court explained:

> Idaho Appellate Rule 14(a) states that an appeal in a criminal matter must be filed with the district court "within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right . . . ." I.A.R. 14(a). Additionally, this rule provides that "the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction . . . the time within which to file a notice of appeal shall commence to run." *Id.* As such, the time for filing an appeal in this case commenced with the district court's relinquishing jurisdiction over Urrabazo and Urrabazo had to file his appeal within 42 days of that time in order for the appeal to be timely. Because Urrabazo's appeal was not filed until September 8, 2006, it is untimely, and this Court will not consider the merits of the appeal.

Because Pragnell's case in Docket No. 35869 is indistinguishable from *Urrabazo*, his appeal in that case must be dismissed as untimely.

Pragnell's appeal is timely, however, from the judgment of conviction in Docket No. 35870, and we will therefore address his claim that his sentence in that case is excessive in light of his mental health problems, drug addiction, family and friend support, acceptance of responsibility, remorse, and prospects for rehabilitation.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

For the foregoing reasons, the appeal in Docket No. 35869 is dismissed, and the judgment of conviction and sentence in Docket No. 35870 are affirmed.

3