**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39477**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2012 Unpublished Opinion No. 593** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: August 16, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ROBERT CHARLES ELIZARRARAZ,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for felony violation of a no-contact order, <u>affirmed</u>.

Deborah Whipple of Nevin, Benjamin, McKay & Bartlett LLP, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Robert Charles Elizarraraz pled guilty to felony violation of a no-contact order. I.C. § 18-920. In exchange for his guilty plea, an additional charge was dismissed and the state agreed not to pursue an allegation that Elizarraraz was a persistent violator. The district court sentenced Elizarraraz to a unified term of five years, with a minimum period of confinement of two years. Elizarraraz filed an I.C.R. 35 motion for reduction of his sentence, which the district court denied. Elizarraraz appeals, challenging the excessiveness of his sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Elizarraraz's judgment of conviction and sentence are affirmed.