**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41940**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 468** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: April 16, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **COLE TYRELL ROBINSON,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment of conviction and aggregate sentence of twenty years, with a minimum period of confinement of eight years, for misappropriation of personal identifying information, grand theft, two counts of fraud by computer, fifteen counts of forgery, and three counts of criminal possession of a financial transaction card, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

    Cole Tyrell Robinson was found guilty of misappropriation of personal identifying information, I.C. § 18-3126; grand theft, I.C. §§ 18-2403(1) and (3) and 18-2407(1)(b); two counts of fraud by computer, I.C. § 18-2202(1); fifteen counts of forgery, I.C. § 18-3601; and

1

three counts of possession of a financial transaction card, I.C. § 18-3125.[1] The district court sentenced Robinson to a determinate term of five years for misappropriation of personal identifying information, a determinate term of five years for grand theft, determinate terms of eight years for two counts of fraud by computer, and determinate terms of eight years for fifteen counts of forgery, all to run concurrently and sentenced Robinson to consecutive indeterminate terms of four years for three counts of criminal possession of a financial transaction card. Thus, Robinson's aggregate sentence is a unified term of twenty years, with a minimum period of confinement of eight years. Robinson appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Robinson's judgment of conviction and sentences are affirmed.

---

[1] Robinson was adjudicated as being a persistent violator, I.C. § 19-2514, based upon convictions for prior felonies.