**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 42450/42451**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 548** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: July 10, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **ALVIN DUTTON ALVES,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Judgments of conviction and concurrent unified sentences of fifteen years with three years determinate for attempted strangulation, fifteen years with three years determinate for domestic violence in the presence of a child, and five years with three years determinate for intimidating a witness, affirmed.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

In this consolidated appeal, Alvin Dutton Alves pled guilty to one count of attempted strangulation, Idaho Code § 18-923; and one count of domestic violence in the presence of a child, I.C. §§ 18-903, 18-918(2), and 18-918(4). In exchange for his guilty plea, additional charges were dismissed. During the pendency of the domestic violence case, Alves was charged with intimidating, impeding, influencing, or preventing the attendance of a witness, I.C. § 18-2604(3); and attempting to violate or violating a no-contact order, I.C. § 18-920, 18-306. Alves pled guilty to one felony count of intimidating a witness and two misdemeanor counts of

1

attempting to violate or violating a no-contact order. The district court imposed concurrent unified sentences of fifteen years with three years determinate for attempted strangulation and domestic violence in the presence of a child, and a concurrent sentence of five years with three years determinate for intimidating a witness, with concurrent jail time on the misdemeanors. The district court retained jurisdiction in both cases and at the conclusion of the retained jurisdiction period, suspended the sentences and placed Alves on probation. Alves appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Alves's judgments of conviction and sentences are affirmed.