## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 50779

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 6, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ORBIE KELTON ORBISON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Judge

Orbie Kelton Orbison appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During a traffic stop, a Garden City police officer arrested Orbison for possession of drug paraphernalia. Orbison's backpack was searched incident to that arrest. The search revealed methamphetamine and more drug paraphernalia. The State charged him with possession of a controlled substance (methamphetamine) and possession of drug paraphernalia.

1

Pursuant to a plea agreement, Orbison pled guilty to possession of a controlled substance (methamphetamine). Idaho Code § 37-2732(c). The State agreed to dismiss the possession of drug paraphernalia charge and to recommend probation. Sentencing was set for September 2022. After pleading guilty, Orbison bonded out of jail subject to the pretrial release program.

Shortly after Orbison bonded out, the Ada County Pretrial Services Unit (PSU) began notifying the district court that Orbison was not complying with the terms of his pretrial release. By the time Orbison was sentenced, PSU reported that Orbison missed over twenty drug tests, had two positive tests for amphetamines, missed scheduled meetings, and eventually stopped contacting PSU altogether.

At the scheduled sentencing hearing in September 2022, Orbison informed the district court that he had missed the timeframe to schedule an interview for the presentence investigation report (PSI). The PSI report was compiled without Orbison's participation. While the district court admonished Orbison for his failure to comply with the PSI process, it granted Orbison's request to reorder the PSI. The district court rescheduled the sentencing hearing to November 2022. During the rescheduled hearing, the State informed the district court that, due to Orbison's failure to comply with the conditions of his pretrial release and his failure to participate in the PSI process, the State was no longer bound by the recommendation it made in the plea agreement. Orbison notified the district court of the potential conflict his current appointed counsel had in representing Orbison. The district court continued the sentencing hearing again, until December 2022, so that conflict counsel could be appointed.

At the December 2022 sentencing hearing, Orbison left the courthouse before sentencing could occur. The district court entered a no-bond warrant. It was later revealed that Orbison attended the hearing that day but heard the prosecutor say that the State was no longer recommending probation. As a result, Orbison left because he was "terrified" and "catastrophized" his circumstances.

Sometime later, the district court granted Orbison's motion to quash the warrant and scheduled a voluntary appearance date in January 2023. Shortly after, Orbison requested to appear remotely for this hearing. Orbison explained that he started a 28-day rehabilitation program and if he left the program, even for the court appearance, he would be discharged and be required to reapply for readmittance. Orbison also claimed that the rehabilitation facility agreed to

2

accommodate his remote court appearance. The district court once again granted Orbison's request.

Orbison did not appear for the January 2023 remote hearing and, according to his defense counsel, Orbison also left the rehabilitation program. The district court entered another no-bond warrant. Orbison later represented to the district court that he misunderstood where he was supposed to attend the remote hearing--from the rehabilitation center or from his defense counsel's office.[1] The warrant was served on Orbison over two months later. The district court scheduled Orbison's next court appearance in March 2023, but while in custody Orbison refused to come before the court until the next day for a status conference. A sentencing date was set at the status conference.

The sentencing hearing was finally conducted in April 2023, approximately seven months after it was originally scheduled. By then, a new PSI report had been completed with Orbison's participation. The State recommended imposition of Orbison's sentence due to several violations of his pretrial release conditions, his multiple failures to appear for scheduled hearings, his criminal history, his high Level of Service Inventory (LSI) score, his unstable living conditions, and his repeated previous probation violations in other cases. Orbison requested that the district court suspend his sentence in favor of a term of probation. However, the district court concluded that there was a "high degree of probability [Orbison] would not be successful on probation." The district court noted that it could not find mitigating factors, outside of Orbison's age, that would justify "any basis for leniency." In considering the length of Orbison's sentence, the district court commented that Orbison's "age is the one mitigating factor that suggests the longer sentence is not necessarily appropriate." The district court imposed a unified sentence of five years, with a minimum period of confinement of one and one-half years. Orbison appeals.

---

[1]     Orbison's alleged confusion about the location of his remote hearing is not well taken. The record shows that Orbison previously represented to the district court that he could not leave the treatment facility for fear of being discharged. Orbison also claimed that the treatment facility would accommodate his remote hearing. Despite these statements, Orbison claimed he thought he was supposed to attend the remote hearing from his defense counsel's office.

3

## II.

## STANDARD OF REVIEW

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Orbison argues that the district court abused its sentencing discretion because it did not "recognize, much less consider," mitigating factors. The State responds that the district court properly exercised its sentencing discretion. We hold that Orbison has failed to show that the district court abused its sentencing discretion.

Orbison contends that the district court did not recognize or consider the mitigating factors, including accepting responsibility for his crime,[2] mental health, substance abuse, willingness to pay restitution, willingness to accept substance abuse treatment, troubled childhood, poor physical health, and "peaceful adjustment to incarceration." The district court had wide discretion to consider the evidence presented and to view it *in a manner the court deemed appropriate*. *See State v. Garcia*, 166 Idaho 661, 681, 462 P.3d 1125, 1145 (2020) (explaining district court has discretion in weighing and determining which evidence is aggravating and which is mitigating). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of

---

[2] We note that Orbison did not appear to accept responsibility for his numerous pretrial release violations, his failure to appear for the scheduled PSI interview, and absconding from a sentencing hearing as soon as he learned that the State was no longer bound by the plea agreement.

the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

The district court considered the objectives of sentencing (including the protection of society, deterrence, rehabilitation, and retribution) and the mitigating and aggravating factors pertinent to those objectives. Orbison requested he be placed on probation. The record indicates that the district court considered multiple factors to determine the nature of Orbison's sentence, i.e., whether Orbison should be placed on probation or whether the sentence would be imposed. We do not read the district court's statement, "I don't really find there's a lot of other mitigating factors in this case to justify the crime to indicate--to give this Court any basis for leniency," as indicating it only considered one mitigating factor (Orbison's age) in determining the sentence. Instead, we read the district court's statement to indicate it considered the other mitigating factors and none of them outweighed the aggravating factors for purposes of assessing both the nature of the sentence (whether Orbison should be placed on probation) and the length of the sentence. The district court's statement further reflects that of all the factors it considered, the only mitigating factor to which it gave much weight was Orbison's age. It is within the district court's sentencing discretion to ascribe the weight to any individual aggravating or mitigating factor. Nothing in Idaho's precedent requires a district court to identify all aggravating and mitigating factors, the weight it ascribes to each factor, and how it has weighed the factors against each other. This Court declines to second guess a trial court judge's credibility determination and weighing of the relevant information in determining a sentence that is within the statutory guidelines. Having reviewed the record in this case, we cannot say that the district court abused its discretion. The district court identified the correct legal standards, correctly perceived sentencing as a discretionary decision, acted within the boundaries of its discretion, and exercised reason when imposing Orbison's sentence. Orbison has failed to show the district court abused its sentencing discretion.

## IV.
## CONCLUSION

Orbison has failed to show the district court abused its discretion by imposing a unified sentence of five years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance. Therefore, Orbison's judgment of conviction and sentence are affirmed.

Judge HUSKEY and Judge Pro Tem MELANSON, **CONCUR**.