**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37687**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 730 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 2, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DAYLE S. WESTRA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Steven C. Verby, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of two and one-half years, for lewd conduct with a minor child under sixteen years of age, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

---

PER CURIAM

Dayle S. Westra pled guilty to lewd conduct with a minor child under sixteen years of age. I.C. § 18-1508. In exchange for Westra's guilty plea, the state agreed to recommend a unified life sentence, with a minimum period of confinement of ten years. The district court sentenced Westra to a unified term of twenty years, with a minimum period of confinement of two and one-half years. Westra appeals.

Westra sexually abused his stepdaughter, M.B. for approximately nine years, beginning when M.B. was three years old. Westra forced M.B. to perform oral sex on him, ejaculated in her mouth, tied her to the bed with cargo straps, and anally and vaginally raped her. He video

1

recorded M.B. as he raped her, told her he would kill her if she disclosed the abuse, and if she screamed he put a sock or something in her mouth.  M.B. was almost twelve years of age when she finally disclosed the abuse to her mother, after having made a plan to run away from home.  M.B. underwent a sexual assault examination at the hospital, which revealed evidence of recent anal penetration, evidence of recent perivaginal contact, and evidence of past hymenal penetration--all findings that corroborated the history of ongoing sexual abuse.  M.B.'s mother advised that Westra had genital herpes and subsequent test results indicated that M.B. also tested positive for herpes and hepatitis C.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

The issue before this Court is not whether the sentence is one that we would have imposed, but whether the sentence is plainly excessive under any reasonable view of the facts.  *Toohill*, 103 Idaho at 568, 650 P.2d at 710.  Having thoroughly reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Westra's judgment of conviction and sentence are affirmed.