# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41690

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 634A |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 23, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ERIC EUGENE STEPHENSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |
| | ) | AMENDED OPINION THE |
| | ) | COURT'S PRIOR OPINION |
| | ) | DATED JULY 22, 2014, IS |
| | ) | HEREBY AMENDED |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Melissa Moody, District Judge.

Order of the district court relinquishing jurisdiction without further reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

PER CURIAM

Eric Eugene Stephenson pled guilty to possession of marijuana in excess of three ounces. Idaho Code § 37-2732(e). The district court sentenced Stephenson to a unified term of five years, with a minimum period of confinement of two years, suspended the sentence and placed Stephenson on supervised probation for a period of five years. Subsequently, Stephenson absconded and was at large for over four years. Thereafter, Stephenson admitted to violating the terms of his probation and the district court revoked his probation, ordered the underlying

1

sentence executed, and retained jurisdiction. At the review hearing, Stephenson requested probation or, in the alternative, a sentence reduction. The district court relinquished jurisdiction and reduced Stephenson's sentence to a unified sentence of five years with one year determinate. Stephenson appeals asserting that the district court abused its discretion by relinquishing jurisdiction and by not further reducing his sentence upon relinquishing jurisdiction.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Stephenson has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Applying the foregoing standards, we cannot say that the district court abused its discretion either in relinquishing jurisdiction or in ordering execution of Stephenson's reduced sentence. Therefore, the order relinquishing jurisdiction and directing execution of Stephenson's modified sentence is affirmed.