**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 41987/41988**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 538** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  June 29, 2015** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CANYON SCOTT LUND,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Cheri C. Copsey, District Judge.

Judgments of conviction and sentences for burglary and grand theft, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Kimberly E. Smith, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

This is a consolidated appeal.  In Docket No. 41987, Canyon Scott Lund pled guilty to two counts of burglary, Idaho Code §§ 18-1401, 18-204, and two counts of grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), 18-2409, 18-204, 19-304.  In Docket No. 41988, Lund pled guilty to two counts of burglary, I.C. §§ 18-1401, 18-204.  In exchange for his guilty pleas, additional charges were dismissed in both cases.  The district court imposed concurrent sentences of ten years indeterminate for both counts of burglary and fourteen years indeterminate for both counts of grand theft in Docket No. 41987.  In Docket No. 41988, the district court imposed concurrent unified sentences of ten years with four years determinate for the two counts of burglary and

1

ordered the sentences to run consecutively to the sentences in Docket No. 41987. Lund appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Lund's judgments of conviction and sentences are affirmed.