**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50170**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 29, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| QUENTIN AUSTIN COATES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of three years, for failure to register as a sexual offender, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

—————————————————————————

Before LORELLO, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

—————————————————————————

PER CURIAM

Quentin Austin Coates pled guilty to failure to register as a sexual offender. I.C. §§ 18-8309 and 18-8311. The district court sentenced Coates to a unified term of ten years, with a minimum period of confinement of three years. Coates filed an I.C.R. 35 motion, which the district court denied. Coates appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-

1

15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Coates' judgment of conviction and sentence are affirmed.