**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 50162/50164**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>ERIC JAMES LARREA,<br><br>       **Defendant-Appellant.** | )<br>)  **Filed:  May 23, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgments of conviction and total unified sentences of nineteen years, with a minimum period of confinement of five years, for eluding a peace officer and grand theft, <u>affirmed</u>

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

    In these consolidated cases, Eric James Larrea pled guilty to eluding a police officer, Idaho Code § 49-1404(b), and grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), 18-2409.  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed a determinate term of five years for the eluding conviction and a consecutive indeterminate term of fourteen years for the grand theft conviction.  Larrea appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Larrea's judgments of conviction and sentences are affirmed.