# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50122

<table>
<tr><td>

STATE OF IDAHO,

     Plaintiff-Respondent,

v.

MARC RAYMOND ZUNIGA, JR.,

     Defendant-Appellant.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**Filed: November 6, 2023**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

</td></tr>
</table>

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction and aggregate sentence of ten years, with a minimum period of incarceration of four years, for domestic battery or assault in the presentence of a child and attempted strangulation, with a persistent violator enhancement, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Marc Raymond Zuniga, Jr. was found guilty of felony domestic battery or assault in the presence of a child, Idaho Code § 18-918(4), felony attempted strangulation, I.C. § 18-923, and misdemeanor resisting and obstructing an officer, I.C. § 18-705. Then, Zuniga entered a guilty plea to a persistent violation enhancement, I.C. § 19-2514. The district court imposed a unified sentence of ten years, with a minimum period of incarceration of four years, for domestic battery or assault in the presence of a child with the persistent violation enhancement, and a unified sentence of ten years, with a minimum period of incarceration of four years, for attempted

1

strangulation with a persistent violator enhancement. The sentences were ordered to run concurrently with one another. The district court imposed 203 days of jail for resisting and obstructing an officer with credit for time served. Zuniga appeals, contending that his felony sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Zuniga's judgment of conviction and sentences are affirmed.