# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50614/50676

STATE OF IDAHO,                                )
                                               )  Filed:  December 27, 2023
    Plaintiff-Respondent,                      )
                                               )  Melanie Gagnepain, Clerk
v.                                             )
                                               )  THIS IS AN UNPUBLISHED
KODEE LOWE DUGGER,                             )  OPINION AND SHALL NOT
                                               )  BE CITED AS AUTHORITY
    Defendant-Appellant.                       )
                                               )

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Rick Carnaroli, District Judge.

Judgment of conviction and unified sentence of three years with two years determinate for eluding a police officer, affirmed; judgment of conviction and concurrent unified sentence of seventeen years with seven years determinate for possession of a controlled substance with intent to deliver, affirmed.

Erik R. Lehtinen, Interim State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 50676, Kodee Lowe Dugger pled guilty to eluding a police officer, Idaho Code § 49-1404(2), and misdemeanor possession of paraphernalia, I.C. § 37-2734A(1).  Dugger failed to appear for his sentencing, and the district court issued a warrant for his arrest.  A few months later, Dugger was arrested and pled guilty to possession of a controlled substance with intent to deliver, I.C. § 37-2732(a)(1) (Docket No. 50614).  At the sentencing for both cases, the district court imposed a unified term of three years with two years determinate for eluding a police officer and credit for time served on the misdemeanor.  The district court imposed a

1

concurrent unified term of seventeen years with seven years determinate for delivery of a controlled substance. Dugger appeals, contending that the district court's decision to sentence him to an aggregate unified sentence of seventeen years with seven years determinate is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Dugger's judgments of conviction and sentences are affirmed.