**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51007/51008**

| | |
|---|---|
| STATE OF IDAHO,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>STEVEN OZUNA RAMIREZ,<br><br>  Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: May 20, 2024**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of confinement of three years, for possession of a controlled substance, <u>affirmed</u>; judgment of conviction and concurrent, unified sentence of five years, with a minimum period of confinement of three years, for felony eluding a peace officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

The district court consolidated Docket No. 51007 and 51008 for purposes of sentencing. In Docket No. 51007, Steven Ozuna Ramirez pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified term of seven years with three years determinate. In Docket No. 51008, Ramirez pled guilty to one count of felony eluding a peace officer, I.C. § 49-1404(2)(c). In exchange for his guilty plea, an additional charge was dismissed. The district court

imposed a concurrent, unified term of five years with three years determinate. Ramirez appeals, contending that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Ramirez's judgments of conviction and sentences are affirmed.