**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50547**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: June 6, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JACE RUSSELL GANT, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. James S. Cawthorn, District Judge.

Withheld judgment of conviction for felony domestic violence or battery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jace Russell Gant entered an *Alford*[1] plea to felony domestic battery or violence, Idaho Code §§ 18-918(2), -903. In exchange for his guilty plea, an additional charge was dismissed. The district court imposed a withheld judgment and placed Gant on probation for a term of three years. Gant appeals, contending that his sentence is excessive; specifically, Gant asserts the district court abused its discretion by imposing an excessive probationary period.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1]  *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Gant's withheld judgment of conviction and sentence are affirmed.