# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51219

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

NATHAN TYLER WIEBELHAUS,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  July 31, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of four years, with a minimum period of confinement of one and one-half years, for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Nathan Tyler Wiebelhaus entered an *Alford*[1] plea to possession of a controlled substance. I.C. § 37-2732(c).  In exchange for his guilty plea, an additional charge was dismissed and the State agreed not to file an allegation that Wiebelhaus is a persistent violator  The district court

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

sentenced Wiebelhaus to a unified term of four years, with a minimum period of confinement of one and one-half years. Wiebelhaus appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Wiebelhaus's judgment of conviction and sentence are affirmed.