# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51513

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DESTINY JASMINE GUISASOLA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: October 21, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for leaving the scene of an accident resulting in an injury or death, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

    Destiny Jasmine Guisasola was found guilty of leaving the scene of an accident resulting in an injury or death. I.C. § 18-8007. The district court sentenced Guisasola to a unified term of five years, with a minimum period of confinement of three years. The district court retained jurisdiction and sent Guisasola to participate in the rider program. Guisasola appeals, arguing that her sentence is excessive.

    Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Guisasola's judgment of conviction and sentence are affirmed.