# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 51073/51074

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

WADE WILLIAM DENNY,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: February 21, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and determinate term of three years for delivery of a controlled substance where children are present, <u>affirmed</u>; judgment of conviction and concurrent, determinate terms of five years, for two counts of intimidating a witness, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51073, Wade William Denny pled guilty to delivery of a controlled substance where children are present. Idaho Code § 37-2737A. In exchange for his guilty plea, the charges in his consolidated case were dismissed. The

1

district court sentenced Denny to a determinate term of three years.[1] In Docket No. 51074, Denny pled guilty to two counts of intimidating a witness. I.C. § 18-2604. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Denny to two concurrent, determinate terms of five years.[2] Denny appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Denny's judgments of conviction and sentences are affirmed.

---

[1]     This sentence was ordered to run consecutively to the sentence in Docket No. 51074 and to the sentences in two other separate cases.

[2]     These sentences were ordered to run consecutively to the sentence in Docket No. 51073 and run concurrently to the sentences in two other separate cases.