# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51774

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: March 4, 2025 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| ANNETTE DEE REED, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Javier Gabiola, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of confinement of ten years, for sexual battery committed by lewd or lascivious conduct on a minor sixteen to seventeen years of age, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kasey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Annette Dee Reed pled guilty to sexual battery committed by lewd or lascivious conduct on a minor sixteen to seventeen years of age. I.C. § 18-1508A(1)(a). In exchange for her guilty plea, additional charges were dismissed. The district court sentenced Reed to a unified term of twenty years, with a minimum period of confinement of ten years. Reed appeals, arguing that her sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Reed's judgment of conviction and sentence are affirmed.