**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52688**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  November 25, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE CERVANTES, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Gabriel McCarthy, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of incarceration of two years, for felony driving under the influence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Jose Cervantes, Jr. pleaded guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005(9).  The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years.  Cervantes appeals, contending that his sentence is excessive.  Specifically, Cervantes asserts that his sentence is excessive because of the length of the sentence and because the district court suspending his driving privileges beyond the mandatory minimum one-year period.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Cervantes' judgment of conviction and sentence are affirmed.