# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52795

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>ROGER LEE GIBBS,<br><br>    Defendant-Appellant. | Filed:  December 15, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Thomas W. Whitney, District Judge.

Judgment of conviction and unified sentence of fourteen and one-half years, with a minimum period of confinement of four and one-half years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Roger Lee Gibbs pled guilty to possession of a controlled substance with the intent to deliver, Idaho Code § 37-2732(a)(1)(A).  In exchange for his guilty plea, the State agreed to dismiss Gibb's other case in its entirety.  The district court sentenced Gibbs to a unified term of fourteen and one-half years, with a minimum period of confinement of four and one-half years.[1]

---

[1]    This sentence was ordered to run concurrently with any other sentence Gibbs is currently serving.

Gibbs filed an Idaho Criminal Rule 35 motion, which the district court denied.[2]  Gibbs appeals, arguing that his sentence is excessive.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Gibbs's judgment of conviction and sentence are affirmed.

---

[2]     On appeal, Gibbs does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.