# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52610

STATE OF IDAHO,

       Plaintiff-Respondent,

v.

JACK BAYLEE BRIGGS,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: January 8, 2026

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Third Judicial District, State of Idaho, Gem County. Hon. Brent L. Whiting, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of seven years, for felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Pursuant to a binding I.C.R. 11 plea agreement, Jack Baylee Briggs entered an *Alford*[1] plea to felony injury to a child, I.C. § 18-1501(1). In exchange for his guilty plea, additional charges were dismissed. The plea agreement also included a stipulated sentence. However, at sentencing the district court declined to accept the I.C.R. 11 agreement because Briggs did not comply with the terms of the agreement. The district court then sentenced Briggs to a unified term of ten years,

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

with a minimum period of confinement of seven years. Briggs appeals, arguing that his sentence is excessive.[2]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Briggs's judgment of conviction and sentence are affirmed.

---

[2]     Briggs also pled guilty to and was sentenced to a consecutive indeterminate term of five years, for destruction of evidence. However, he does not challenge this judgment of conviction and sentence on appeal.