# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52779 & 52782

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 4, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| MICHELLE COLLETTE DIAMOND, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgments of conviction and unified sentence of seven years, with a minimum period of confinement of five years, for possession of a controlled substance and being a persistent violator and concurrent, unified sentence of ten years, with a minimum period of confinement of five years, for trafficking in methamphetamine, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated cases, Michelle Collette Diamond pled guilty to possession of a controlled substance, I.C. § 37-2732(c); being a persistent violator, I.C. § 19-2514; and trafficking in methamphetamine, I.C. § 37-2732B(a)(4)(A). In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Diamond to a unified term of seven years, with a minimum period of confinement of five years, for possession of a controlled substance and

being a persistent violator and concurrent, unified term of ten years, with a minimum period of confinement of five years, for trafficking in methamphetamine. Diamond filed I.C.R. 35 motions for reduction of her sentences, which the district court denied. Diamond appeals, arguing that her sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Diamond's judgments of conviction and sentences are affirmed.

---

[1] Diamond also pled guilty to and was sentenced for several misdemeanors. Diamond does not challenge these judgments of conviction and sentences on appeal.