**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52784**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 19, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEFFREY DEAN HANLEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and unified sentence of two years, with a minimum period of incarceration of one year, for felony possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Jeffrey Dean Hanley pleaded guilty to felony possession of a controlled substance, fentanyl,[1] Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of two years, with a minimum period of incarceration of one year. Hanley appeals, contending that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

_____

[1] The judgment of conviction incorrectly indicates that Hanley pleaded guilty to possession of a controlled substance, methamphetamine.

1

need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, Hanley's judgment of conviction and sentence are affirmed.